Dolores Costliow **HOWARD**, Individually, etc., et al., Plaintiffs-Appellees,

v.

**MISSOURI PACIFIC RAILROAD COMPANY**, Defendant-Appellant,

Casualty Insurance Company of California, Intervenor.

No. 27014.

United States Court of Appeals Fifth Circuit.

April 25, 1969.

James G. Dubuisson, Dubuisson & Dubuisson, Opelousas, La., for defendant-appellant.

Bob F. Wright, Domengeaux, Wright & Bienvenu, Lafayette, La., for plaintiffs-appellees.

Before WISDOM and DYER, Circuit Judges, and KRENTZMAN, District Judge.

PER CURIAM:

This diversity case arose from a railroad-crossing accident. Missouri Pacific's train, manned by an engineer and lookout, was heading west when it struck John Howard's car heading south. Howard was killed in the collision. The case was tried solely on the theory of last clear chance. The jury found that Missouri Pacific had the last clear chance to avoid the fatal collision. On this verdict, the district judge entered judgment in favor of Howard's heirs, and denied Missouri Pacific's motion for judgment notwithstanding the verdict:

> Since from the evidence presented, the jury was justified in finding that the train crew had the last clear chance to make this case into a close call rather than a tragedy, defendant's motion for judgment notwithstanding the verdict must be denied.

We agree with the district judge that the question in this case was solely one of fact and that the evidence was "of such quality and weight that reasonable and fair-minded men in the exercise of

impartial judgment might reach different conclusions". Boeing Co. v. Shipman, 5 Cir., 411 F.2d 365 [April 7, 1969]. Accordingly, we hold that the district judge properly denied Missouri Pacific's motions for a directed verdict and for judgment notwithstanding the verdict.

The judgment is

Affirmed.